Marion I. Quesenbery, Cal. SBN 072308
Bart M. Botta, Cal SBN 167051
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737
E-mail: marion@rjlaw.com

Attorneys for Plaintiff
DOBLER & SONS, LLC

E-filing

FILED
2008 JAN -7 PM 3: 17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOBLER & SONS, LLC, a California limited liability company,

Plaintiff,

v.

FRESH 'N HEALTHY, INC., a Delaware Corporation; MARK WILLIAMS, an individual; JACK PARSON, an individual; MARK MCCORMICK, an individual; STEVEN CINELLI, an individual; and PRESTWICK PARTNERS, LLC, a California limited liability company,

Defendants.

CASE NO. C08-00113 RS

COMPLAINT

1. BREACH OF CONTRACT;
2. ENFORCEMENT OF PACA TRUST PROVISIONS [7 U.S.C. § 499e(c)];
3. VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY [7 U.S.C. § 499b(4)];
4. ENFORCEMENT OF CALIFORNIA PRODUCER'S LIEN STATUTE [Food & Ag. Code § 55631]
5. UNJUST ENRICHMENT;

Plaintiff Dobler & Sons, LLC ("Dobler") complains and alleges as follows:

I.

JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, as this action arises, in part, under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*] ("PACA") and, more specifically, 7 U.S.C. § 499e(c)(5), which provides jurisdiction in the district courts of the United States to entertain actions by trust beneficiaries to enforce payment

COMPLAINT – Page 1

1  pursuant the PACA trust provisions. This Court also has supplemental jurisdiction over all other claims, as they form part of the same case or controversy. 28 U.S.C. § 1367(a). In addition, venue is proper in this Court, as the Defendants reside within the Northern District of California. 28 U.S.C. § 1391(b).

2.  Plaintiff Dobler is and was, during all times material, a limited liability company organized to do and doing business under the laws of the State of California, with its principal place of business located in the Moss Landing, California. Dobler is and since 1951 has been a family run grower and producer of fresh produce, which it sells to buyers, such as Defendant Fresh 'N Healthy, Inc. ("Fresh 'N Healthy"). At all material times, Dobler was licensed by the United States Department of Agriculture ("USDA"), license number 199514210017.

3.  Plaintiff is informed and believes and thereon alleges that Defendant Fresh 'N Healthy is and was, during all material times, a corporation having its principal place of business located in the Hollister, California.

4.  Plaintiff is informed and believes and thereon alleges that Mark Williams ("Williams"), Jack Parson ("Parson"), Mark McCormick ("McCormick"), and Steven Cinelli ("Cinelli") are individuals who, during all material, maintained residences within the jurisdictional boundaries of this Court.

5.  Plaintiff is informed and believes and thereon alleges that Prestwick Partners, LLC ("Prestwick") is and was, during all times material, a limited liability company, with its principal place of business located in the San Francisco, California.

II.

**INTRADISTRICT ASSIGNMENT**

6.  This action arose in Hollister, California. Defendant Fresh 'N Healthy principal place of business is in Hollister, California. Plaintiff alleges in this Complaint that Defendants

owe Plaintiff Dobler $93,974.58 for fresh vegetables that Plaintiff harvested and delivered to Defendant Fresh 'N Healthy from late July 2007 through mid-August 2007. The contracts for the sale and purchase of this fresh produce were entered into in Hollister, California.

### III.

### FIRST CAUSE OF ACTION

**(For Breach Of Contract)**
*Against Defendant Fresh 'N Healthy only*

7. Plaintiff Dobler realleges and incorporates by reference paragraphs 1 through 6 of this Complaint as though fully set forth in this paragraph.

8. From on or about July 28, 2007 through August 18, 2007, Plaintiff Dobler sold perishable agricultural commodities to Defendant Fresh 'N Healthy at Fresh 'N Healthy's request, for which Defendant Fresh 'N Healthy's agreed to pay Dobler $103,974.58 within 10 days, plus interest at the rate of 18% per annum (on past due amounts) and attorneys' fees and costs (should any action be commenced concerning the sums due).

9. On or about the date of each transaction, Plaintiff Dobler forwarded to Defendant Fresh 'N Healthy an invoice for the transaction setting forth in detail the amount owed by Fresh 'N Healthy to Plaintiff Dobler for Fresh 'N Healthy's fresh produce.

10. Plaintiff Dobler has repeatedly demanded that Defendant Fresh 'N Healthy pay the amounts due and owing under the invoices, which total $103,974.58, but Fresh 'N Healthy has only paid Dobler $10,000.00 of this sum, which leaves a balance significantly past due and unpaid of $93,974.58.

11. Plaintiff Dobler has performed all conditions, covenants and obligations required to be performed by it under the agreements for the sale and purchase of perishable agricultural commodities.

12. As a direct and proximate result of the failure of Defendant Fresh 'N Healthy to remit payment due to Plaintiff Dobler as described above, Dobler has suffered losses in the principal amount of at least $93,974.58, plus interest and attorneys' fees.

## IV.

## SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA)
### *Against All Defendants*

13. Plaintiff Dobler realleges and incorporates by reference paragraphs 1 through 12 of this Complaint as though fully set forth in this paragraph.

14. Defendant Fresh 'N Healthy is, and was at all relevant times, subject to licensure and in fact was licensed by the USDA (license number 20070799) as a dealer, commission merchant, and/or broker of fresh fruit and vegetables engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce and is subject to the provisions of the PACA.

15. Plaintiff is informed and believes and thereon alleges that, during all times material, Williams, Parson, McCormick, and Cinelli were officers, directors, and/or shareholders of Defendant Fresh 'N Healthy, controlled the day to day operations, management, and finances (including the PACA trust assets and the perishable agricultural commodities related assets) of Defendant Fresh 'N Healthy, had actual and constructive knowledge of the PACA trust, and were statutory trustees of the PACA trust assets that are the subject of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that, during all times material, Defendant Prestwick was a shareholder of Defendant Fresh 'N Healthy, controlled the day to day operations, management, and finances (including the PACA trust assets and the perishable agricultural commodities related assets) of Defendant Fresh 'N Healthy, had actual

COMPLAINT – Page 4

and constructive knowledge of the PACA trust, and was a statutory trustee of the PACA trust assets that are the subject of this Complaint.

17. Pursuant to 7 U.S.C. § 499e(c)(1)-(4) of the PACA, upon receipt of the produce sold by Plaintiff to Defendant Fresh 'N Healthy, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendant Fresh 'N Healthy's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, all receivables or proceeds from the sale of such perishable agricultural commodities or products, and all assets purchased or maintained with PACA trust assets.

18. Pursuant to the trust provisions of the PACA [7 U.S.C. § 499e(c)(1)-(4)], Plaintiff performed and fulfilled all duties required to preserve Plaintiff's PACA trust benefits in the total amount of $103,974.58, of which $93,974.58 remains past due and unpaid.

19. The PACA trust requires Defendants, and each of them, as statutory PACA trustees, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff Dobler until full payment has been made to Plaintiff. Plaintiff alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff and to otherwise perform the requirements of the PACA trust provisions, all in breach of their fiduciary duties and in violation of the provisions of the PACA, 7 U.S.C. § 499e(c)(1)-(4) and 7 U.S.C. § 499b(4).

20. Plaintiff is informed and believes and upon that basis alleges that during all times relevant and continuing, Defendants, and each of them, transferred or diverted the trust assets (e.g., receivables or proceeds derived from the sale of produce) for their own use and/or to third parties in violation of statutory duties imposed on them by the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by PACA

unequivocally gives priority to the interests of Plaintiff to the PACA trust assets held by Defendants.

21. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff Dobler has suffered the loss of $93,974.58, plus interest and attorneys' fees, all of which qualifies for protection under the PACA trust.

V.

### THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:
Failure To Account, To Make Full Pay Promptly, To Perform As Promised,
And To Maintain The PACA Trust)**
*Against Defendant Fresh 'N Healthy Only*

22. Plaintiff Dobler realleges and incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth in this paragraph.

23. Plaintiff Dobler has repeatedly demanded that Defendant Fresh 'N Healthy pay the amounts due stated above, totaling $93,974.58 for produce sold and delivered to Defendant Fresh 'N Healthy as described above. Despite these demands, Defendant Fresh 'N Healthy has failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendant Fresh 'N Healthy (1) has failed to perform the requirements of its contracts of sale with Plaintiff Dobler, express and implied, (2) has breached its duty to truly and correctly account and make full payment promptly for the produce that it purchased from Plaintiff, and (3) has failed to maintain the PACA trust, all of which are "unlawful" acts under 7 U.S.C. § 499b(4).

24. As a direct and proximate cause and result of the wrongful acts and omissions of Defendant Fresh 'N Healthy as alleged above, Plaintiff Dobler has suffered the loss of $93,974.58, plus interest and attorneys' fees.

COMPLAINT – Page 6

## VI.

## FOURTH CAUSE OF ACTION

### (Enforcement of California Producer's Lien: California Food and Agricultural Code § 55631)
*Against All Defendants*

25. Plaintiff alleges and incorporates by reference paragraphs 1 through 24 of this complaint as though fully set forth in this paragraph.

26. Defendant Fresh 'N Healthy is, and was at all relevant times, subject to licensure and Plaintiff is informed and believes that Defendant Fresh 'N Healthy was in fact licensed by the California Department of Food and Agriculture as a processor and dealer of farm products.

27. Plaintiff is further informed and believes and thereon further alleges that during all times relevant herein Defendants, and each of them, were subject to licensure or were licensed by the California Department of Food & Agriculture as dealers and processors, or as agents of a dealer and processor, of farm products.

28. Plaintiff Dobler grew the farm product that it sold to and that Defendant Fresh 'N Healthy purchased from it for the purpose of processing the fresh produce and reselling it to Fresh 'N Healthy's customers.

29. Consequently, upon delivery of the fresh produce to Defendant Fresh 'N Healthy, the California Producer's statute gave Plaintiff a first priority lien prior in dignity to all other lien, claims or encumbrances (except limited labor claims and warehousemen liens) on the farm product and the receivables from the sale of the farm product. Cal. Food & Ag. Code §§ 55631, 55633, 55635.

30. Plaintiff is informed and believes and thereon alleges that Defendant Fresh 'N Healthy has unlawfully removed from its control or ownership some or all of the fresh produce sold to Defendant Fresh 'N Healthy by Plaintiff Dobler and that Defendant Fresh 'N Healthy has

unlawfully assigned or transferred to themselves or to some third party the sales proceeds from the sale of its processed farm products, all without first paying Plaintiff for the fresh produce that it sold to Fresh 'N Healthy. Cal. Food & Ag. Code § 55638.

31. As a direct and proximate result of this unlawful action, Plaintiff has been damaged in the amounts due and owing under the invoices, totaling $93,974.58, plus interest and attorneys' fees, plus any late charges due under California Food & Agricultural Code §55881.

32. In addition, given Plaintiff Dobler's first priority lien rights to the farm products in Defendant Fresh 'N Healthy's possession and Defendant Fresh 'N Healthy's statutory duty not remove the farm products from beyond its control or ownership (unless the total proceeds of the sale of the farm products are used to satisfy the debt to Plaintiff or unless Fresh 'N Healthy had sufficient assets to pay the sum due Plaintiff), Defendants must disgorge any farm products or proceeds from the sale of the farm products to Plaintiff.

33. Finally, Plaintiff hereby asserts its lien rights against any assets held by Defendants Fresh 'N Healthy, from the sales of any commodities or farm products by Fresh 'N Healthy, including but not limited to, the sale of products derived from the raw perishable agricultural commodities sold by Plaintiff to Fresh 'N Healthy, to pay all amounts due Plaintiff in satisfaction of its preferential producer's lien.

## VII.

### FIFTH CAUSE OF ACTION

**(For Unjust Enrichment)**
*Against All Defendants*

34. Plaintiff alleges and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth in this paragraph.

35. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff and/or the proceeds therefrom, valued in the amount of $93,974.58.

36. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff Dobler. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount $93,974.58.

**WHEREFORE**, Plaintiff Dobler requests judgment against Defendants, jointly and severally, as follows:

### FIRST CAUSE OF ACTION

**(For Breach Of Contract)**
***Against Defendant Fresh 'N Healthy Only***

A. For damages in the principal amount $93,974.58;

B. For pre and post judgment interest at the rate of 18% per year from the date the obligation became due and payable to Plaintiff until paid in full;

C. For reasonable attorney's fees and costs of suit; and

D. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA)**
***Against All Defendants***

E. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff, until they have been paid in full in the principal amount of $93,974.58;

F. For contractual interest (18% per year) from the date Plaintiff's invoices became due until paid in full, plus attorneys' fees and costs, as sums owing in connection

COMPLAINT – Page 9

with Plaintiff Dobler's produce sales transaction with Defendant Fresh 'N Healthy; and

G. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

(For Violation Of Perishable Agricultural Commodities Act:
Failure To Account, To Make Full Pay Promptly, To Perform As Promised, And To Maintain The PACA Trust)
*Against Defendant Fresh 'N Healthy Only*

H. For an order requiring Defendant Fresh 'N Healthy to immediately account for and promptly pay the sum owed to Plaintiff in the amount of $93,974.58;

I. For contractual interest (18% per year) from the date Plaintiff's invoices became due until paid in full, plus attorneys' fees and costs, as sums owing in connection with Plaintiff Dobler's produce sales transaction with Defendant Fresh 'N Healthy; and

J. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

(Enforcement of California Producer's Lien:
California Food and Agricultural Code § 55631)
*Against All Defendants*

K. For damages in the sum of $93,974.58, plus any late charges due under California Food & Agricultural Code section 55881.

L. For pre-judgment and post-judgment interest.

M. For disgorgement by Defendants of any farm products or proceeds from the sale of the farm products, until Plaintiff has been paid in full for its damages and interest; and

N. For such other and further relief as the court deems just and proper.

COMPLAINT – Page 10

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment)
*Against All Defendants*

O.  For damages in the principal amount of $93,974.58;

P.  For prejudgment and post judgment interest;

Q.  For costs of suit incurred; and

R.  For such other and further relief as this Court deems just and proper.

DATED: January 7, 2008

RYNN & JANOWSKY, LLP

By: _____
MARION I. QUESENBERY
Attorneys for Plaintiff
DOBLER & SONS, LLC

COMPLAINT – Page 11