

Terrence R. O'Connor (State Bar No. 88004)
NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation
333 Salinas Street
Post Office Box 2510
Salinas, California 93902-2510
Telephone:   (831) 424-1414
Facsimile:    (831) 424-1975

Attorneys for Defendant JACK PARSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOBLER & SONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FRESH 'N HEALTHY INC., a Delaware Corporation; MARK WILLIAMS, an individual; JACK PARSON, an individual; MARK McCORMICK, an individual; and PRESTWICK PARTNERS, LLC, a California limited liability company,<br><br>Defendants. | Case No. C08-00113 RS<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON**<br><br>Complaint Filed: January 7, 2008<br><br>TRIAL DATE:   NONE ASSIGNED |

Defendant Jack Parson ("Defendant"), severing himself from all other answering Defendants answers Plaintiff's First Amended Complaint on file herein as follows:

### JURISDICTION AND VENUE

1.   In response to Paragraph 1 of the Complaint, Defendant admits that this court has jurisdiction over claims under the Perishable Agricultural Commodities Act ("PACA").

2.   Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 2 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 2 of the Complaint.

19226\001\392617.1:31408                                      1

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits that he maintained a residence within the jurisdictional boundaries of this court at all times material. Defendant lacks sufficient information or belief as to the remaining subject matters set forth in Paragraph 4 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

### INTRADISTRICT ASSIGNMENT

6. In response to Paragraph 6 of the Complaint, Defendant admits that Defendant Fresh 'N Healthy's principal place of business is in Hollister, California and that vegetables were sold and delivered to that entity in the summer of 2007. Defendant lacks sufficient information or belief as to the remaining subject matters set forth in Paragraph 6 of the Complaint because his employment with Fresh 'N Healthy ended July 31, 2007. Therefore, on those grounds, Defendant denies generally and specifically the remaining allegations contained in Paragraph 6 of the Complaint.

### FIRST CAUSE OF ACTION
### (For Breach of Contract)
### Against Defendant Fresh 'N Healthy Only

7. In response to Paragraph 7 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 6 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

8. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 8 of the Complaint because his employment with Fresh 'N Healthy ended July 31, 2007 and, therefore, on those grounds, Defendant denies generally and specifically the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 9 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 9 of the Complaint.

19226\001\392617.1:31408

2

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

10.  Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 10 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 10 of the Complaint.

11.  Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 11 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 11 of the Complaint.

12.  Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 12 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 12 of the Complaint.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA)**

**Against All Defendants**

13.  In response to Paragraph 13 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 12 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

14.  This Defendant admits that Defendant Fresh 'N Healthy was licensed by the USDA as described in Paragraph 14 of the Complaint at least through July 31, 2007, and that it was engaged in the buying and selling of perishable agriculture commodities through that date. Defendant lacks sufficient information or belief as to the remaining subject matters set forth in Paragraph 14 of the Complaint after July 31, 2007, and, on those grounds, denies generally and specifically the remaining allegations in Paragraph 14 for the period after that date.

15.  In response to Paragraph 15 of the Complaint, Defendant admits that he is a shareholder of Defendant Fresh 'N Healthy, and that Defendants Williams, McCormick, and Cinelli were officers, directors and shareholders of Defendant Fresh 'N Healthy. Defendant denies that he controlled the operations, management or financials, including PACA trust assets, of Defendant Fresh 'N Healthy. Defendant lacks sufficient information or belief as to the remaining subject matters set forth in Paragraph 15 of the Complaint and, on those grounds,

19226\001\392617.1:31408        3

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

denies generally and specifically the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 16 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 16 of the Complaint.

17. Because Defendant last worked at Fresh 'N Healthy on July 31, 2007, Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 17 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 17 of the Complaint.

18. Because Defendant last worked at Fresh 'N Healthy on July 31, 2007, Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 18 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendant denies that he was at any time a "responsibly connected" to Defendant Fresh 'N Healthy, Inc. as that term is defined in 7 U.S.C. 499(a)(9). This Defendant lacks sufficient information or belief as to the allegations regarding other Defendants or their obligations in Paragraph 19 and, therefore, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendant denies generally and specifically that he transferred or diverted any monies or proceeds to his own use. Defendant lacks sufficient information or belief as to the remaining allegations contained in Paragraph 20 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies committing any wrongful acts or omissions. Defendant lacks sufficient information or belief as to the remaining allegations contained in Paragraph 21 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 21 of the Complaint.

///

///

19226\001\392617.1:31408                                     4

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

## THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act: Failure to Account, to Make Full Pay Promptly, To Perform as Promised, and to Maintain the PACA Trust)**

**Against Defendant Fresh 'N Healthy Only**

22. In response to Paragraph 22 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 21 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

23. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 23 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant denies generally and specifically each and every allegation contained in Paragraph 24 of the Complaint.

## FOURTH CAUSE OF ACTION

**(Enforcement of California Producer's Lien: California Food & Agricultural Code § 55631)**

**Against All Defendants**

25. In response to Paragraph 25 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 24 of the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

26. In response to Paragraph 26 of the Complaint, Defendant admits that he has personal knowledge that up until July 31, 2007, Defendant Fresh 'N Healthy was licensed by the California Department of Food and Agriculture as a processor and dealer of farm products. Defendant lacks sufficient information or belief as to the remaining allegations contained in Paragraph 26 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendant admits that he has personal knowledge that up until July 31, 2007, Defendant Fresh 'N Healthy was licensed by the

19226\001\392617.1:31408    5

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

California Department of Food and Agriculture as a processor and dealer of farm products. Defendant lacks sufficient information or belief as to the remaining allegations contained in Paragraph 27 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 28 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 29 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 30 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 31 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendant denies that he has any farm products or proceeds from the sale of farm products. Defendant lacks sufficient information or belief as to the remaining subject matters set forth in Paragraph 32 of the Complaint and, on those grounds, denies generally and specifically the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks sufficient information or belief as to the subject matters set forth in Paragraph 33 of the Complaint and, on those grounds, denies generally and specifically each and every allegation contained in Paragraph 33 of the Complaint.

### FIFTH CAUSE OF ACTION

(For Unjust Enrichment)

**Against All Defendants**

34. In response to Paragraph 34 of the Complaint, Defendant reincorporates his admissions, allegations and denials to the paragraphs incorporated in Paragraph 1 through 33 of

19226\001\392617.1:31408    6

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

the Complaint, as though those admissions, allegations and denials were set forth in full at this point.

35. Defendant denies generally and specifically each and every allegation contained in Paragraph 35 of the Complaint.

36. Defendant denies generally and specifically each and every allegation contained in Paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff's complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff's injuries and damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than this answering Defendant.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff has waived any breach of contract or warranty alleged in its complaint.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, Defendant alleges that Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for unjust enrichment against this answering Defendant.

AS AND FOR AN FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint, this answering Defendant alleges that Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for conversion damages against this answering Defendant.

///

///

///

19226\001\392617.1:31408       7

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to each and every cause of action set forth in the complaint and the whole thereof, Defendant alleges that Plaintiff is not entitled to the relief requested in the complaint because such relief would work a substantial hardship on the defendant relative to the benefit plaintiff would gain by the relief.

AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to each and every cause of action set forth in the complaint and the whole thereof, Defendant alleges he is not now, nor never has been a "responsible party" as defined in 7 U.S.C. 499(a) or an officer or director of Defendant Fresh 'N Healthy, Inc., and, therefore, is not liable for Plaintiff's alleged losses under PACA.

## PRAYER

WHEREFORE, Defendant Jack Parson prays judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint on file herein;
2. That Defendant be awarded his costs of suit herein; and
3. For such other and further relief as the court deems just and proper.

Dated: March __, 2008

NOLAND, HAMERLY, ETIENNE & HOSS
A Professional Corporation

By     /s/ Terrence R. O'Connor
Terrence R. O'Connor
Attorneys for Defendant JACK PARSON

19226\001\392617.1:31408

8

ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON
*Dobler & Sons, LLC v. Fresh 'N Healthy, Inc., et al.*/Case No. C08-00113 RS

*Dobler & Sons, LLC, et al. v. Fresh 'N Healthy, et al.*
Case No. C08-00113 RS

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                      )
COUNTY OF MONTEREY    )

    I am a citizen of the United States and a resident of Monterey County. I am over the age of 18 years and not a party to the within entitled action; my business address is: 333 Salinas Street, Post Office Box 2510, Salinas, CA 93902-2510.

    On the date below, I served the attached document(s) entitled: **ANSWER TO FIRST AMENDED COMPLAINT BY JACK PARSON**, on the following named person(s) in said action at:

Bart Mark Botta, Esq.
Marion I. Quesenbery, Esq.
Rynn & Janowsky
P. O. Box 20799
Oakland, CA 94620
Tel:   (510) 705-8894
Fax:   (510) 705-8737
bart@rjlaw.com
marion@rjlaw.com
*Attorneys for Plaintiff*

☐   by personal service on the above-named person(s) at the above stated address(es).

☒   by placing said copy(ies) in a sealed envelope(s), postage thereon fully prepaid, and placed for collection and processing for mailing following the business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service at Salinas, California, addressed as stated above.

☐   by overnight delivery on the above named party(ies) in said action, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing, same-day pickup by _____ at the offices of Noland, Hamerly, Etienne & Hoss for overnight delivery, billed to Noland, Hamerly, Etienne & Hoss, and addressed as set forth above.

☐   by causing to be transmitted a true copy thereof to the above-named recipient via the following facsimile transmission telephone number ("Fax"): _____, and no interruption of transmission was reported.

☒   by causing to be transmitted a true copy thereof to the above-named recipient via electronic mail transmission to the electronic addresses shown above for each attorney from my electronic mail address of canossett@nheh.com, and no error message was received.

NOLAND, HAMERLY, ETIENNE & HOSS
ATTORNEYS AT LAW
SALINAS, CALIFORNIA

19226\001\392963.1:31408

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 14, 2008, at Salinas, California.

/s/ Charlena A. Nossett
Charlena A. Nossett

19226\001\392963.1:31408