1  Marion I. Quesenbery, Cal. SBN 072308
   Bart M. Botta, Cal SBN 167051
2  RYNN & JANOWSKY, LLP
   P.O. Box 20799
3  Oakland, CA  94620
   Telephone:  (510) 705-8894
4  Facsimile:  (510) 705-8737
   E-mail:  marion@rjlaw.com
5
   Attorneys for Plaintiff
6  DOBLER & SONS, LLC

7                    UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
   DOBLER & SONS, LLC, a California            CASE NO.  C 08-00113 RS
10 limited liability company,
                                               ADMINISTRATIVE MOTION TO
11           Plaintiff,                        CONSIDER WHETHER CASES
                                               SHOULD BE RELATED AND
12      v.                                     ASSIGNED TO JUDGE FOGEL

13 FRESH 'N HEALTHY, INC., a Delaware
   Corporation; MARK WILLIAMS, an
14 individual; JACK PARSON, an individual;
   MARK MCCORMICK, an individual;
15 STEVEN CINELLI, an individual; and
   PRESTWICK PARTNERS, LLC, a
16 California limited liability company,

17           Defendants.

18
        Plaintiff Dobler & Sons, LLC ("Dobler") respectfully requests that the Court (1) find that
19
   this action is related to <u>ASA Farms, Inc., et al., v. Fresh 'N Healthy, Inc., et al.</u>, Case No. C 08-
20
   00122 JF PVT ("ASA Farms"), (2) reassign it to Judge Jeremy Fogel, and (3) consolidate it for
21
   all purposes with the ASA Farms' action.
22
        Both cases involve substantially the same parties, the same property, and the same legal
23
   issues, and they should be consolidated to avoid unnecessary duplication of efforts and to insure
24

Administrative Motion To Consider Whether Cases Should Be Related And Assigned To
Judge Fogel, Case No. C 08-00113 RS – Page 1

that the assets at issue are distributed on a pro-rata basis, as required by the Perishable Agricultural Commodities Act ("PACA") trust provisions, 7 U.S.C. § 499(e).

Specifically, all plaintiffs allege that they were not paid by Defendant Fresh 'N Healthy, Inc. for produce that they supplied to it.  Dobler is owed in excess of $325,000 for the fresh vegetables that it delivered to Fresh 'N Healthy.  All Plaintiffs further claim that they are the beneficiaries of the PACA trust, which gives them first priority to Fresh 'N Healthy's assets. See, Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1224 (9th Cir. 2002) ("The trust automatically arises in favor of a perishable agricultural commodities seller upon delivery of perishable agricultural commodities and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing in connection with the transaction have been received."); Idahoan Fresh v. Advantage Produce, 157 F.3d 197, 209 (3d Cir. 1998)("Congress established the PACA trust to protect unpaid sellers against buyers' failure to make prompt payment and their subordination of the sellers' claim to secured creditors.").

Indeed, Fresh 'N Healthy's produce related assets (e.g., accounts receivable) – and any other assets that were maintained or purchased with produce related assets – must be distributed on a *pro-rata* basis to *all* properly perfected PACA trust creditors of Fresh 'N Healthy – not just to ASA Farms, Braga Ranch, and Oceano Packing Company, LLC.  C&E Enter., Inc. v. Milton Poulos, Inc. (In Re Milton Poulos), 107 B.R. 715 (B.A.P. 9th Cir. 1989), aff'd. in relevant part, 947 F.2d 1351 (9th Cir. 1991)(PACA trust funds must be distributed pro-rata to all properly perfected PACA trust beneficiaries); J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47, 51 (Bankr. N.D. Fla. 1989)("Where the trust assets are not sufficient to pay all PACA claims, the trust assets should be distributed on a pro rata basis to all beneficiaries who have protected their rights to the trust benefits."); Idahoan Fresh v. Advantage Produce, 157 F.3d

Administrative Motion To Consider Whether Cases Should Be Related And Assigned To
Judge Fogel, Case No. C 08-00113 RS – Page 2

1  at 205 (all properly perfected PACA trust creditors are "entitled to share in a pro-rata distribution

2  of the statutory trust res until they receive payment in full.").

3        As the court noted in <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154, 159 (11th Cir. 1990):

4      "<u>Segregation of only part of the trust solely to accommodate a beneficiary's singular interest is inappropriate because the statutory trust exists for the benefit of all unpaid produce suppliers</u>. *See* 7 U.S.C.A. § 499e(c)(2) (West Supp. 1990). Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets. It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim. 7 U.S.C.A. § 499e(c)(3). <u>Each beneficiary would then be entitled to its pro rata share</u>."

10        In short, unless all actions against Fresh 'N Healthy are considered related and are

11  consolidated, there is a real risk that Fresh 'N Healthy's assets – which may not to be adequate to

12  pay all of the PACA trust claims in full – will be paid to the three Plaintiffs involved in the ASA

13  Farms' proceedings ahead of Dobler, rather than on a pro-rata basis, as required by PACA.

14        Moreover, unless the Dobler litigation is consolidated with the ASA Farms' action,

15  Dobler will have no alternative except to seek an injunction similar to the one that Judge Fogel

16  recently issued preventing, among other things, Defendant Fresh 'N Healthy from selling or

17  transferring "any and all assets covered by or subject to the trust provisions of the PACA without

18  agreement of the parties or until further order of the court." Otherwise, there will only be three

19  PACA trust claims informing Judge Fogel's decision – ASA Farms and Braga Ranch's and the

20  newly intervening Plaintiff Oceano Packing Company, LLC's – and determining which assets

21  may be sold or transferred.

22        In addition, Judge Fogel has set for hearing on Friday, March 21, 2008, the parties' (to

23  the ASA litigation) request to modify the injunction to permit the sale of Fresh 'N Healthy's

24  assets. Of course, since Dobler is not a party to the ASA action, Judge Fogel may not take into

1  account its $325,000 PACA trust claim when considering whether to allow a sale, whether the

2  funds from the sale should be segregated (pending determination of the PACA trust claims), and

3  the sum that should be segregated (given the claims before him).  Consequently, if the Dobler

4  litigation is not consolidated with ASA Farms, Dobler will have no alternative except to seek a

5  similar injunction preventing the sale and/or transfer of Fresh 'N Healthy's assets.

6       Given Judge Fogel's familiarity with the issues and the facts and his actions to date, and

7  considering that a party may respectfully decline to have the matter heard by a Magistrate Judge,

8  it makes sense to reassign the Dobler action to Judge Fogel and to consolidate it for all purposes

9  with the ASA Farms' case.

10 Date:  March 19, 2008                        RYNN & JANOWSKY, LLP

11

12                                   By:    /s/ Marion I. Quesenbery
                                          MARION I. QUESENBERY
                                          Attorneys for Plaintiff

13                                           DOBLER & SONS, LLC

14

15

16

17

18

19

20

21

22

23

24